**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRITNEE MORRIS** : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-2806** |
| : | |
| **JAMES SUTTON, et al.** : | |

**McHUGH, J.**                                                                                                  **February 19, 2025**

## MEMORANDUM

In this diversity action arising out of a motor vehicle accident, Defendants have moved *in limine* to limit Plaintiff's recovery of damages under Pennsylvania's Motor Vehicle Financial Responsibility Law, which addresses the recovery of damages for medical expenses where the victim of an accident is covered by insurance. Specifically, 75 Pa. Con. Stat. Ann. § 1722 provides:

> In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

Based on this provision, Defendants move to preclude Plaintiff from introducing evidence of both past and future medical expenses, absent proof that Plaintiff lacks insurance to pay the bills. As to past expenses, Plaintiff does not contest the motion, but asks the Court to deny the motion as to future expenses.

The Pennsylvania Supreme Court has not yet addressed this provision, but every court to consider the arguments raised here has concluded that § 1722 does not apply to medical expenses not yet incurred. Based on the language of the statute and a commonsense understanding of how

it can realistically be applied, and the case law to date, I hold that § 1722 has no applicability to future medical expenses.

The operative language is "paid or payable." Necessarily, a medical bill not yet incurred does not easily fit within the definition of "payable." And if future medical care is necessary, there may or may not be insurance or another source to cover the bill. To assume so is entirely speculative. *Kansky v. Showman*, No. 09-1863, 2011 WL 1362245, at *5 (M.D. Pa. Apr. 11, 2011); *Walters v. Zumstein, Inc.,* No. 07-0358, 2008 WL 11370033, at *2 (M.D. Pa. Sept. 10, 2008). From a practical perspective, it is not just the existence of coverage for future medical expenses that it speculative, but also the terms of any such coverage and how it would apply, as changes in eligibility and changes in the terms of coverage such as deductibles and co-pays are impossible to predict. With respect to past expenses, such questions can be answered with precision.

In *Farese v. Robinson,* 222 A.3d 1173, 1189 (Pa. Super. 2019), the Superior Court considered a slightly different issue: whether future damages must be reduced by § 1797 of the MVFRL, a provision that caps costs for medical care provided to patients injured in auto accidents. After a comprehensive review of existing case law, it concluded that damages for future care may not be limited by the Act's cost containment provisions.

The sole Pennsylvania authority cited by the defense is a Common Pleas Court decision. *Grant v. Baggott*, 36 Pa.D.&C.4th 298, 310, *aff'd* 723 A.2d 240 (Pa. Super. 1998), *appeal denied* 734 A.2d 394 (Pa. 1998). There, in denying a motion for new trial in an auto accident case, the Court remarked that evidence of unpaid medical expenses was properly excluded because the plaintiffs had not met their threshold burden of proving an absence of insurance. But the statement is plainly *dicta* because the jury had found no liability on the part of the defendant driver, rendering the trial judge's discussion of damages irrelevant. And no significance can be attached to the

Superior Court's summary affirmance, specifically designated as non-precedential. See 210 Pa. Code § 65.37.

Defendants also cite language from *Travitz v. Northeast Dep't ILGWU Hlth. and Welfare Fund*, 13 F.3d 704, 707 (3d Cir. 1994), where the Court of Appeals characterized § 1722 as precluding tort recovery if the plaintiff "is otherwise eligible to receive those benefits from any program, group contract, or other arrangement." But the focus of the Court's discussion there was not the distinction between past and future medical expenses, but rather ERISA preemption. *Travitz* simply underscores an important practical limitation upon Defendants' approach to § 1722, which is that typically future medical expenses will not by be paid by auto policies, but rather by private medical policies that create a legally enforceable right of subrogation notwithstanding Pennsylvania law.[1] That is a function of two things. First, auto policies in Pennsylvania need only provide first party medical benefits in the amount of $5,000, and in cases where injuries are severe enough to require ongoing care, those limits are easily exhausted.[2] Second, private medical insurance generally exists in the context of employee benefit plans, governed by ERISA, and in *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) the Supreme Court held that enforcement of § 1722 was preempted if it would undermine the subrogation rights of employers.

The record here is silent as to the limits of Plaintiff's first party coverage under her auto policy or the existence and limits of private health insurance, although I note that it would be a rare exception for such a policy not to include a right of subrogation. But I deem these factual

---

[1] The same is true for benefits paid by public entities, whose subrogation rights are preserved by statute, and served as the model for inclusion of subrogation clauses in private insurance. S. Spurr, *The Growth of Subrogation and the Future of Personal Injury Litigation,* Journal of Insurance Regulation, Vol. 36, No. 6 (2017).

[2] A policy holder can request that the carrier provide first party medical coverage up to $100,000, 75 Pa. Con. Stat. Ann. § 1715(a)(1), but any driver otherwise insured for medical bills has little incentive to incur an additional premium.

deficits irrelevant to resolution of the motion, as I am persuaded that § 1722 does not apply to future medical expenses as a matter of law.

      /s/ Gerald Austin McHugh  
United States District Judge