# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRITNEE MORRIS** : | |
| : | |
| v. : | CIVIL ACTION NO. 23-2806 |
| : | |
| **JAMES SUTTON, et al.** : | |

**McHUGH, J.**                                                                                           February 19, 2025

## MEMORANDUM

In this diversity action arising out of a motor vehicle accident, Plaintiff has identified a registered nurse as an expert witness proffered as competent to opine about the cost of future medical care, Alisa Dayanim. Defendants have moved *in limine* to preclude her testimony as speculative and inconsistent with the medical evidence of record.

The accident occurred in November of 2022. Photographs of the vehicles involved show modest damage. Plaintiff unquestionably received some treatment following the accident, though the parties dispute whether it was related to the 2022 incident or two prior accidents. That treatment included lumbar trigger point injections and a radiofrequency ablation with a medial branch nerve block. Ablation is considered minimally invasive, performed without general anesthesia, and generally conducted on an outpatient basis. Importantly for purposes of this motion, Plaintiff has not sought any treatment related to this incident since March, 2023, and no physician other than a forensic consultant hired by counsel, Lance Yarus, has recommended ongoing treatment. Against that background, and based upon opinions rendered by Dr. Yarus, Nurse Dayanim projects the cost of Plaintiff's future life care to be $1,807,005. It cannot be said that either Dr. Yarus or Nurse Dayanim singles out the Plaintiff here as a unique case where future care is unusually extensive or expensive. Rather, as I recently observed, such enormous

projections appear to represent a litigation strategy. *Shelton v. Chaudry,* --- F.Supp.3d ---- 2025 WL 311516, at *7, n. 11 (E.D. Pa. Jan. 27, 2025).

Defendants argue that Nurse Dayanim seeks to offer an improper "net" opinion that conveys a conclusion without underlying support. Plaintiff responds that she is well qualified to opine as to the cost of various treatments, and stresses that she "renders no independent medical opinions; rather, she relies exclusively upon the injury and future treatment diagnoses rendered by Dr. Yarus." ECF 22 at 7. Plaintiff further responds that the motion to preclude this testimony is one "routinely" made by defendants and routinely denied by both state and federal courts. *Id*. at 2-3.

Taking the latter argument raised by Plaintiff, I attach little significance to simple denial of motions *in limine* where no opinion accompanies the order. Such dispositions often reflect nothing more than the practicalities of docket management, particularly in the federal courts, where the individual calendar system requires judges to balance both civil and criminal dockets and weigh the priority of pressing federal and constitutional issues against routine diversity cases. More substantively, all of the orders cited predate the 2023 revision to Rule 702 of the Federal Rules of Evidence, which now requires the proponent of an expert to demonstrate that it "is more likely than not" that the expert's opinion "reflects a reliable application" of the principles and methods employed by the expert to reach a conclusion. Consequently, the precedent on which Plaintiff relies carries little if any weight.

That said, the scope of the proposed testimony from Nurse Dayanim is extraordinarily narrow. As Plaintiff's counsel acknowledges, she "offers no independent opinions," ECF 22 at 7, but rather simply assumes the validity of Dr. Yarus' opinions, and proceeds from there to research the cost of various tests, interventions, and supplies. Turning to Nurse Dayanim's qualifications,

there is no basis to deem her unfit for the elemental exercise of researching and compiling such costs. The "more likely than not" and "reliable application" components of the Rule 702 analysis turn on the validity of Dr. Yarus' analysis, as evidenced by the fact that in both the written motion and at oral argument, defense counsel repeatedly attacks Dr. Yarus. There would appear to be a legitimate basis on which to question the validity of the doctor's opinions, but the motion before me is one to preclude Nurse Dayanim. Consequently, on the record as it now stands, the pending motion must be denied.

      This case is overdue for the scheduling of a final pretrial conference and selection of a trial date. Counsel here elected to file motions *in limine* before a final pretrial order was issued. The final order, to be issued shortly, will set deadlines for any additional pretrial motions.

/s/ Gerald Austin McHugh<br>
United States District Judge